**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI HEILMAN, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br>       v.<br><br>ABERCROMBIE & FITCH CO.,<br><br>                                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Naomi Heilman ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Abercrombie & Fitch Co. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Defendant has nickel and dimed online purchasers on its websites in violation of California's Consumer Legal Remedies Act ("CLRA").

2. Defendant operates several e-commerce websites, among them www.abercrombie.com ("Abercrombie") and www.hollister.com ("Hollister") (together, the "Websites"). Whenever a consumer visits one of the Websites and selects an item for purchase, they are not shown the total cost upfront. Instead, consumers are quoted an artificially low price, only for Defendant to sneak in a mandatory "handling" fee (the "Fee") at the end of the purchase process.

3. This practice is known as drip pricing. "Businesses engage in drip pricing by advertising products at artificially low headline price and then disclosing additional charges later in the buying process." *Harvey v. World Mkt., LLC*, No. 25-cv-01242-CRB, 2025 WL 1359066, at *1 (N.D. Cal. May 9, 2025).

4. Drip pricing has long violated California law. "California banned bait and switch in consumer transactions when it passed the Consumers Legal Remedies Act (the 'CLRA') in 1970." *Mansfield v. StockX LLC*, 802 F. Supp. 3d 1143, 1148 (N.D. Cal. 2025) (citation omitted). And "[a] common form of bait and switch is drip pricing." *Id*.

5. Although the existing provisions are clear, the California legislature "recently amended the CLRA to *directly prohibit* drip pricing." *Mansfield*, 802 F. Supp. 3d at 1148 (emphasis added). Effective July 1, 2024, California Civil Code § 1770(a)(29)(A) makes it unlawful to "[a]dvertis[e], display[], or offer[] a price for a good or service that does not include all mandatory fees or charges other than either" "[t]axes or fees imposed by a government on the

1     transaction" or "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer."

6.     Defendant's mandatory Fee is neither of these. According to the California Attorney General's Office, "[a] business can exclude shipping charges, but not handling charges. … Like any other mandatory fee or charge, a handling charge must be included in the advertised price."[1]

7.     Additionally, "[t]he law is 'intended to specifically prohibit drip pricing, which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service.'"[2] "Put simply, the price a Californian sees should be the price they pay."[3] That said, the legislature's recent enactment of California Civil Code §§ 1770(a)(29)(A) is not meant to suggest it was previously legal. "Advertising or listing a price that is less than what a consumer will eventually be charged is a form of deceptive advertising that also violates existing state … law."[4] The CLRA has prohibited bait and switch sales tactics for more than half a century. *Mansfield*, 802 F. Supp. 3d at 1148.

8.     For these reasons, Plaintiff seeks relief in this action individually and on behalf of all other purchasers for Defendant's sales in the state of California for reasonable attorneys' costs and fees and injunctive relief under California Civil Code §§ 1770(a)(29)(A) and 1770(a)(9).

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one member of the putative Class is a citizen of a state different from Defendant.

10.     This Court has personal jurisdiction over Defendant because Defendant sells items to consumers in the state of California through its website as part of its regular course of business and collects unlawfully applied fees from Californians. Defendant targets consumers whom it

---

[1] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.
[2] *Id.*
[3] *Id* (emphasis in original).
[4] *Id.*

1  knows to reside in California based on shipping information provided during checkout. Defendant
2  also uses multiple ad networks to track website user behavior and deliver targeted ads to
3  Californian residents, like Plaintiff.

4    11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial
5  part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

  12. Plaintiff Naomi Heilman is an individual consumer who, at all times material hereto, was a citizen and resident of Oakland, California.

  13. On April 21, 2025, Plaintiff purchased an A&F Giselle Pleated Cutout Maxi Dress, (SKU 65766526) from the Abercrombie Website. During this transaction, Plaintiff was required to pay Defendant a bundled Shipping *& Handling* Fee of $7.00 to purchase her product. This fee was mandatory because Plaintiff cannot make a shipping purchase from the website under $99 without paying the fee.

  14. At the time Plaintiff purchased her product, she was not aware that Defendant's practices were unlawful under California Civil Code §§ 1770(a)(9) and 1770(a)(29)(A). Plaintiff was not browsing in search of legal violations. Plaintiff was instead browsing because she sincerely intended to purchase a product, and she did in fact purchase a product.

  15. The transaction flow process that Plaintiff viewed on Defendant's website was substantially similar as that depicted in this Complaint. Regardless of whichever product a consumer selects for purchase, Defendant's Handling Fee is not initially disclosed.

  16. Defendant Abercrombie & Fitch Co. ("Defendant") is a Delaware corporation with its principal place of business in New Albany, Ohio. Defendant offers for purchase clothing from its various store brands throughout the United States, including in the state of California. Defendant owns and operates the universally accessible, interactive websites www.abercrombie.com and www.hollister.com, which accept orders from California and deliver products to California as part of its regular course of business. Defendant also has numerous brick-and-mortar stores in California.

# FACTUAL ALLEGATIONS

*California's Honest Pricing Law*

17. Effective July 1, 2024, California enacted California Civil Code § 1770(a)(29)(A), which makes it unlawful to "[a]dvertis[e] display[], or offer[] a price for a good or service that does not include all mandatory fees or charges." The only two exceptions to this general prohibition are (1)"[t]axes or fees imposed by a government on the transaction[]" and (2) "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical goods to the consumer."

18. Handling charges, however, are not postage or carrier charges that are "reasonably and actually incurred to ship the physical goods to the consumer." According to the California Attorney General's Office, "[a] business can exclude shipping charges, but not handling charges. … Like any other mandatory fee or charge, a *handling* charge must be included in the advertised price." (Emphasis in original).[5]

19. This prohibition is designed to protect consumers. As Senator Bill Dodd, a co-author of SB 478, stated in describing this new law: "Californians are fed up with dishonest fees being tacked on to seemingly everything … It's an underhanded trick to boost corporate profits at the expense of those who can least afford it. Our bill will end these unfair practices and put the consumer first, leveling the playing field for reputable businesses that advertise the real price up front."[6]

20. And according to Attorney General of California Rob Bonta, "[w]e can and should stop the fleecing of consumers. We can and should stop the imbalance in the marketplace."[7]

///

///

///

---

[5] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

[6] OFFICE OF THE ATTORNEY GENERAL, CALIFORNIA DEP'T OF JUSTICE, *Attorney General Bonta Calls for California Legislature to Ban Hidden Fees (AKA Junk Fees)* (May 16, 2023), https://oag.ca.gov/news/press-releases/attorney-general-bonta-calls-california-legislature-ban-hidden-fees-aka-junk (last visited Dec. 24, 2024).

[7] *Id.*

*Abercrombie's Hidden Fee*

21. When a consumer visits the Abercrombie website, on the main page they are shown a variety of products.



*Figure 1*

22. After a consumer clicks on a particular product, they are taken to a product page which displays a price for that particular product that does not include any handling fee.



*Figure 2*

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                                                   5

23. After a consumer clicks the "Add to Bag" button, a side bar appears, which again displays a price for the product which does not include any Handling fee. Immediately below the displayed price is a fire symbol, and bold, blue writing that states a number of other "People Are Viewing" the same item. While the bottom of this side bar alludes to some "Shipping" being charged for orders under $99, the Abercrombie Website does not disclose the existence of any Handling fee.



*Figure 3*

24. After a consumer clicks the "Go to My Bag" button, they are taken to another page which likewise fails to disclose the Handling Fee. *See* Figure 4, next page.



*Figure 4*

25. After a consumer clicks the Checkout button, they are taken to the Checkout page where Defendant discloses a "Shipping & Handling " Fee.



*Figure 5*

26. To purchase the product, this same page makes consumers complete a long form.



*Figure 6*

*Hollister's Hidden Fee*

27. When a consumer visits the Hollister website, on the main page they are shown a variety of products with prices displayed. No Handling fee is displayed on this page.



*Figure 7*

28. If the consumer clicks on a particular product, a pop-up page appears which again displays the price but again does not disclose any Handling fee. It likewise includes a fire symbol with a blue, bold statement that says a number of other "people are currently viewing" the item.



*Figure 8*

29. A consumer can click the Add to Bag button and proceed to the next page without scrolling to the bottom of the product pop-up page or investigating its contents. However, below the immediately visible portion of the product pop-up page, there is a "Shipping & Returns" section with a + symbol. If a consumer clicks that symbol, Defendant reveals they will be charged a variable amount for shipping the product. Again, however, no Handling fee is disclosed.




*Figure 9*

30. After a consumer clicks the "Add To Bag" button, a side bar appears, which again displays a price for the product which does not include any Handling fee. Immediately below the displayed price is a fire symbol, and bold, blue writing that states a number of other "people just added to bag." While the bottom of this side bar alludes to some "Shipping" being charged for orders under $99, the Hollister Website does not disclose the existence of any Handling fee.



*Figure 10*

31. After a consumer clicks the "Head to My Bag" button, he or she is taken to a Bag page which again never displays any Handling fee.



*Figure 11*

32. After a consumer clicks the Checkout button, they are taken to the Checkout page where Defendant discloses a "Shipping & Handling " Fee.



*Figure 12*

33. To purchase the product, this same checkout page requires consumers to complete a long form. *See* Figure 13, next page.

*Figure 13*

34. Defendant's Handling Fee is not a "[t]ax[] or other fee[] imposed by the government on the transaction." California Civil Code § 1770(a)(29)(A)(i).

35. Defendant's Handling Fee is also not a "postage or carriage charge[] that will be reasonably and actually incurred to ship the physical goods to the consumer." California Civil Code § 1770(a)(29)(A)(i). Although bundled with a legitimate Shipping fee, the Handling fee is not part of the postage or carriage charge. Discovery will reveal what percentage of the bundled "Shipping & Handling" fee is due to the handling fee. A handling fee, "[l]ike any other mandatory fee or charge … must be included in the advertised price."[8]

## CLASS ALLEGATIONS

36. **Class:** Plaintiff seeks to represent a class defined as all individuals in the state of California who purchased item(s) using Defendant's Website and paid the Handling Fee during the three years preceding the filing of this Complaint. Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

37. **Subclass:** Plaintiff also seeks to represent a subclass defined as all individuals in the state of California who purchased item(s) using Defendant's Website and paid the Handling Fee on or after July 1, 2024 (the "Honest Pricing Law Subclass") (collectively with the Class, the "Classes"). Excluded from the Junk Fee Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

38. Members of the Classes are so numerous that their individual joinder herein is impracticable. Members of the Classes likely number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

39. Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to, whether Defendant failed to include all mandatory fees or

---

[8] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

charges when advertising, displaying, or offering a price for the items for purchase, in violation of California Civil Code § 1770(a)(29)(A), and whether Defendant advertised goods or services with intent not to sell them as advertised, in violation of California Civil Code § 1770(a)(9). The claims of the named Plaintiff are typical of the claims of the Classes in that the named Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to include all mandatory fees or charges in the advertising, displaying, or offering a price for the items, throughout the online item purchase process.

40. Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes and members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

41. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**California Civil Code § 1770(a)(29)(A)**
**(On Behalf of the Honest Pricing Law Subclass)**

42. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of the members of the Junk Fee Subclass against Defendant.

44. Defendant owns, operates, or controls the Abercrombie and Hollister Websites, which are a place where consumers can purchase various consumer products.

45. Defendant violated California Civil Code § 1770(a)(29)(A) by "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" on the various kinds of screens depicted in this Complaint.

46. Defendant's Handling Fee is a "mandatory fee[] or charge[]" that must be paid in order to purchase the item. Cal. Civ. Code§ 1770(a)(29)(A).

47. Plaintiff and Honest Pricing Law Subclass members were harmed because they paid Defendant's unlawfully applied Fee. Because the total cost was not disclosed to Plaintiff and Honest Pricing Law Subclass members at the beginning of the purchase process, the resulting Fee that was applied was unlawful pursuant to California Civil Code § 1770(a)(29)(A).

48. Plaintiff and Class Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff and Class Members could not shop around for clothing at other retailers, such as Gap and Old Navy, to name a few. As such, Plaintiff and Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its Fee, Defendant was able to reduce price competition and cause consumers like Plaintiff and Class members to overpay.

49. Plaintiff and Honest Pricing Law Subclass members relied on Defendant's false and misleading representations that the cost of its products did not include the Fee in choosing to purchase its products.

50. On behalf of herself and members of the Honest Pricing Law Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein and recover reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

**COUNT II**
California Civil Code § 1770(a)(9)
**(On Behalf of the Class)**

51. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

52. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

53. Defendant violated California Civil Code § 1770(a)(9) by "[a]dvertising goods … with intent not to sell them as advertised." Specifically, Defendant advertised and expressly represented the price of their products with intent not to sell them at the advertised price.

54. As a result, Plaintiff and Class Members were harmed because they paid Defendant's unlawful Fee. This Fee was rendered unlawful by Defendant's failure to timely disclose it.

55. Plaintiff and Class Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff and Class Members could not shop around for clothing at other retailers, such as Gap and Old Navy, to name a few. As such, Plaintiff and Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its Fee, Defendant was able to reduce price competition and cause consumers like Plaintiff and Class members to overpay.

56. Plaintiff and Class members relied on Defendant's false and misleading representations of the advertised cost of its products in choosing to purchase its products.

57. As detailed in the body of this Complaint, Defendant has repeatedly engaged in conduct deemed a violation of the CLRA and has made representations regarding the price of the items on its Website which are false due to the uniform imposition of the Fee described herein. Indeed, Defendant concealed the true price of the items, and the true nature of the Fee it was charging on each purchase, from Plaintiff and Class members.

58. No reasonable consumer would expect the price advertised by Defendant to include

an unlawful Fee in addition to lawful sales tax and shipping costs. *See Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 845-46 (E.D. Cal. 2024) ("Plaintiffs have sufficiently alleged [Defendant] advertises one price for its products while also surreptitiously charging a higher price by adding the Service Fee. Thus, Plaintiffs have sufficiently alleged [Defendant] advertises their goods with the intent not to sell them as advertised.").

59. Defendant willfully employed a scheme designed to advertise a price that is not the true cost of its products, and did so willfully, wantonly, and with reckless disregard for the truth.

60. On behalf of herself and members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein and recover reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Classes, prays for judgement as follows:

A. For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorney as Class Counsel to represent the Classes;

B. For an order declaring that Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D. For injunctive relief as pleaded or as the Court may deem proper; and

E. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  March 13, 2026            **BURSOR & FISHER, P.A**.

By:   /s/ *Stefan Bogdanovich*

Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor

Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorney for Plaintiff*