UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI HEILMAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>ABERCROMBIE & FITCH CO.,<br><br>                    Defendant. | Case No. 26-cv-02224-EMC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket No. 13 |

**INTRODUCTION**

This is a putative consumer protection class action against Defendant Abercrombie & Fitch Co.  Plaintiff alleges that Defendant charges a mandatory Shipping & Handling fee for certain online purchases but fails to include that fee in the advertised price displayed to consumers, in violation of California Civil Code §§ 1770(a)(29)(A) and 1770(a)(9).  Defendant moves to dismiss on both counts for failure to state a claim.

For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Class Action Complaint.

**BACKGROUND**

Plaintiff Naomi Heilman is a California resident.  Dkt. No. 1 (Compl.) ¶ 12.  On April 21, 2025, she purchased an A&F Giselle Pleated Cutout Maxi Dress from Abercrombie's website.  *Id.* ¶¶ 13–14.  Plaintiff alleges that, in connection with that purchase, she was required to pay a bundled $7.00 "Shipping & Handling" fee because her purchase totaled less than $99 threshold for free shipping.  *Id.* ¶ 13.  Plaintiff contends that the fee violated §§ 1770(a)(29)(A) and 1770(a)(9) of California's Honest Pricing Law because the advertised prices displayed during the online shopping process did not include the bundled Shipping & Handling charge.  *Id.* ¶¶ 13, 17–20.

Though Plaintiff does not allege that she has purchased an item from the Hollister website, she asserts that hollisterco.com charges the same Shipping & Handling fee without including it in the pricing on their website. *See id.* ¶¶ 27–32. Defendant Abercrombie & Fitch Co. owns and operates both abercombie.com and hollisterco.com. *Id.* ¶ 16.

The Complaint describes the online purchasing process on both Abercrombie's and Hollister's websites through screenshots reproduced in the pleading. *Id.* ¶¶ 21–35. According to Plaintiff, consumers browsing products, viewing product pages, adding items to their shopping bags, and reviewing their shopping bags are shown product prices that do not include any Shipping & Handling charge. *Id.* ¶¶ 21–24, 27–34. Plaintiff alleges that the bundled Shipping & Handling fee is first disclosed after the consumer proceeds to the checkout page. *Id.* ¶¶ 25–26, 32–33.

Defendant seeks judicial notice of screenshots of publicly available webpages from Abercrombie and Hollister. Dkt. No. 13-1 (RJN) at 1. Specifically, Defendant attaches screenshots of the checkout pages displaying the Home Delivery and Pickup My Order shipping options on both websites.

RJN Ex. A (Cropped)                    RJN Ex. B (Cropped)

United States District Court
Northern District of California

RJN Ex. C (Cropped)                    RJN Ex. D (Cropped)

Plaintiff brings this putative class action asserting two claims under the Consumer Legal Remedies Act.  Count I alleges that Defendant violated California Civil Code § 1770(a)(29)(A) by advertising, displaying, or offering prices that excluded a mandatory handling fee.  Compl. ¶¶ 45–47.  Count II alleges that Defendant violated California Civil Code § 1770(a)(9) by advertising goods with the intent not to sell them as advertised.  *Id.* ¶¶ 53, 59.  Plaintiff seeks injunctive relief, attorneys' fees, and certification of two California classes.  *Id.* at 18.

## **DISCUSSION**

### 1.  Defendant's Request for Judicial Notice

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018).  However, under the incorporation by reference doctrine, courts may consider documents "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.*" United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The district court may treat such a document as part of the complaint and assume that its contents are true for

purposes of a motion to dismiss under Rule 12(b)(6). *Id.* "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Defendant requests judicial notice of publicly available webpages depicting Abercrombie and Hollister's online checkout process, shopping cart pages, delivery options, and in-store pickup options. RJN at 3. Plaintiff argues that judicial notice should not be granted as Defendant's exhibits reflect the website more than a year after Plaintiff's alleged purchase took place, and that the website has been changed since then. Dkt. No. 16 ("Opp.") at 3. The primary change they point to is that the hyperlinks were altered from grey to blue. *Id.* at n.1.

The Court takes judicial notice of Defendant's exhibits. The webpages displayed in the RJN are central to Plaintiff's claims, referenced throughout the Complaint, and are offered to provide context for the entire webpage rather than dispute facts. Additionally, the screenshots included in the Complaint are low resolution and difficult to read, limiting the Court's ability to evaluate them. Defendant's exhibits provide complete and legible versions of the same webpages, including the surrounding text and other shipping options omitted from the versions in the Complaint. Though Defendant's exhibits reflect the website at a later period than Plaintiff's allegations occur, Plaintiff identifies no material alteration in website content, or in the pricing and checkout process that Defendant asks the Court to take notice of. Moreover, Defendant does not ask the Court to accept any disputed factual assertions as true. Rather, Defendant asks the Court to consider the full contents of webpages selectively reproduced in the Complaint. This is an appropriate application of the incorporation by referenced doctrine under *Khoja*. The Court takes judicial notice subject to the one change to the color of the hyperlinks (the fact of which appears uncontested).

Accordingly, Defendant's request for judicial notice is **GRANTED**.

### 2.  Count I – California Civil Code § 1770(a)(29)(A)

California Civil Code § 1770(a)(29)(A) prohibits "Advertising, displaying, or offering a price for a good or service that does not include all *mandatory* fees or charges." Cal. Civ. Code §

1770(a)(29)(A) (emphasis added).  The statute exempts two kinds of mandatory fees: "Taxes or fees imposed by a government on the transaction" and "Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer."  *Id.* § 1770(a)(29)(A) (i)-(ii).  Defendant argues that its Shipping & Handling fee is not covered by § 1770(a)(29)(A) because it is not a mandatory fee but instead depends on choices made by the consumer during the checkout process.  Dkt. No. 13 (MTD) at 7.  Defendant does not contend for purpose of this motion that its shipping and handling fee falls within the exception for carriage charges that will be reasonably and actually incurred.

The statute does not define the word "mandatory," and the parties have not identified any cases construing that term as used in this statute.  When a term in a statute is left undefined, courts generally give that term its ordinary meaning.  *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012).  "In divining a term's 'ordinary meaning,' courts regularly turn to general and legal dictionaries."  *De Vries v. Regents of Univ. of Cal.*, 6 Cal. App. 5th 574, 591 (Cal. App. 2016).  Defendant points to dictionary definitions defining mandatory as something "required by a law or rule: obligatory" or "[o]f, relating to, or constituting a command; required; preemptory." MTD at 10*; see* "Mandatory," *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/mandatory; "Mandatory," *Black's Law Dictionary* (12th ed. 2024).

Additionally, when analyzing ambiguous California law, courts may look to legislative history in determining how best to give effect to Legislative intent.[1]  *Quach v. California Commerce Club, Inc.* 16 Cal.5th 562, 577 (Cal. 2024);  *Iloff v. Lapaille*, 18 Cal. 5th 551, 560–561 (Cal. 2025).  The Assembly Judiciary Committee explained that SB 478 was enacted to combat the practice of businesses "hiding unavoidable charges" and repeatedly described the targeted conduct as the concealment of "required fees" and "unavoidable fees."  A. Judiciary Comm. Analysis, 2023–2024 Reg. Sess., Analysis of S.B. 478, at 2–3 (June 27, 2023).  The Committee further explained that "'Mandatory' fees are not defined anywhere in the bill or the CLRA" and

---

[1] The Court takes judicial notice of publicly available documents related to Cal. Civ. Code § 1770(a)(29)(A)'s legislative history.  *See Aramark Facility Servs. v. Service Employees International Union, Local 1877*, 530 F.3d 817, 826 n.4 (9th Cir. 2008).

United States District Court
Northern District of California

that "This simple language is intentionally broad to capture any fee or charge that a consumer cannot reasonably avoid." *Id.* at 5.  Throughout the legislative history, the Legislature consistently equated "mandatory" with "required," "unavoidable," and charges that consumers "cannot avoid" or "cannot reasonably avoid." *Id.* at 2–6.  In contrast, the legislature observed that "*Optional* fees and charges, such as for premium movie channels in one's cable TV subscription, or for gift-wrapping an online purchase, would not have to be included."  A. Comm. on Privacy and Consumer Protection, 2023-2024 Reg. Sess., Analysis of S.B. 478, at 4 (July 11, 2023) (emphasis in original).

Thus, under both the ordinary understanding of the word and the legislative history context, a fee is "mandatory" if customers are required to pay it to obtain the advertised good and that fee cannot be avoided or at least cannot be reasonably avoided.  That is not the case here.  As the screenshots of the check-out process show, the charge at issue only applies if the customer selects the "home delivery" option (and does not meet the $99 free shipping minimum).  RJN Exs. A and B.  The consumer has the option of selecting free in-store pickup instead.

| RJN Ex. A | RJN Ex. B |
| :---: | :---: |
| (zoomed and cropped) | (zoomed and cropped) |

The fee thus depends on the customer's election of services.  It is an optional charge for customers who choose the convenience of home delivery, just as one could charge an optional fee for the convenience of gift wrapping.  Because the fee is not required to acquire the item itself, it cannot be defined as mandatory.

6

United States District Court
Northern District of California

Plaintiff's arguments to the contrary are not convincing.

First, Plaintiff argues the Honest Pricing Law's (A)(ii) exception for "postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer" proves that shipping fees are mandatory, because if they were not, there would be no need to exempt them. Opp. at 7. The legislative history suggests otherwise. The Assembly Judiciary Committee specifically recognized that shipping charges present unique concerns because they may vary based upon "the size of the item, expediency of the shipping options, and geographic locations." A. Judiciary Comm. Analysis, 2023–2024 Reg. Sess., Analysis of S.B. 478, at 7 (June 27, 2023). Thus, the Legislature appears to have contemplated that some shipping charges may be unavoidable and mandatory while others may be subject to consumer choice depending on the circumstances. *Id.* For online-only retailers, shipping charges may be unavoidable and therefore mandatory. By contrast, for a retailer such as Abercrombie that operates both an online store and numerous brick-and-mortar locations, shipping may be avoided, a least in some instances, through in-store pickup. That the statute exempts reasonably and actually incurred postage or carriage charges does not imply that all shipping charges are necessarily "mandatory."

Second, Plaintiff contends that the store pickup option is not always a viable choice for consumers, and that where shipping cannot reasonably be avoided, it is "mandatory" in practice. Even if the statue is construed to apply where shipping cannot reasonably be avoided as a practical matter (a question this Court need not yet resolve), Plaintiff nowhere alleges that the home-delivery option was not reasonably avoidable to her. She does not allege, *e.g.* that the nearest brick and mortar store is too far away to make pickup feasible. She alleges only that she was required to pay the fee because she "cannot make a shipping purchase from the website under $99 without paying the fee." Compl. ¶ 13. As alleged, she has not established the shipping and handling fee is "mandatory."

Finally, Plaintiff argues that Defendant's interpretation leads to absurd results, because any fee a seller imposes could be avoided by shopping somewhere else, as the fee would not be "mandatory." Opp. at 6. But the statute does not imply that the otherwise mandatory nature of a fee can be obviated by the consumer going to an entirely different retailer. Such a construction

United States District Court
Northern District of California

United States District Court
Northern District of California

would undermine the consumer protection afforded by the statute and is not supported by anything in the legislative history of the act.  Any such assertion by Defendant does not gainsay the conventional interpretation of "mandatory" as discussed herein.

In sum, Plaintiff has not alleged that the handling and shipping fee was mandatory as to her.  Under the allegations of the complaint, the fee was thus not mandatory under California Civil Code § 1770(a)(29)(A).

Accordingly, Defendant's motion to dismiss Count I is **GRANTED** without prejudice.

3.  Count II – California Civil Code § 1770(a)(9)

California Civil Code § 1770(a)(9), enacted in 1970, bars "Advertising goods or services with intent not to sell them as advertised."  Cal. Civ. Code § 1770(a)(9).  Courts have called this practice "bait-and-switch pricing."  *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 921 (Cal. App. 2016); *see also Kim v. Bluetriton Brands, Inc.,* 2024 WL 243343, at *2 (9th Cir. Jan. 23, 2024) (mem.) ("The bait-and-switch theory is premised on the assumption that the product advertised is 'significantly different' than the one received.").

Plaintiff's Count II does not allege any independent bait-and-switch theory apart from the pricing which hides mandatory charges alleged above in Count I.  Count II expressly alleges that Defendant violated § 1770(a)(9) because it advertised one price while intending to charge an additional Shipping & Handling fee that Plaintiff contends should have been included in the advertised price.  If there is no violation of California Civil Code § 1770(a)(29)(A), Plaintiff has failed to demonstrate there is another independent theory by which to establish a violation of § 1770(a)(9).  As the Court has dismissed Count I, Count II is similarly dismissed.

Accordingly, Defendant's motion to dismiss Count II is **GRANTED** without prejudice.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, Defendant's Request for Judicial Notice is **GRANTED**. Defendant's Motion to Dismiss is **GRANTED**. Dismissal is with leave to amend. Any amendment must be filed within 30 days and must, of course, comply with Rule 11.

**IT IS SO ORDERED**.

Dated: 7/29/2026

_____
EDWARD M. CHEN
United States District Judge