United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAOMI HEILMAN,
Plaintiff,

v.

ABERCROMBIE & FITCH CO.,
Defendant.

Case No. 26-cv-02224-EMC

**ORDER GRANTING MOTION TO DISMISS**

Docket No. 29

## INTRODUCTION

This is a putative consumer protection class action against Defendant Abercrombie & Fitch Co. Plaintiff alleges that Defendant charges a mandatory Shipping & Handling fee for certain online purchases but fails to include that fee in the advertised price displayed to consumers, in violation of California Civil Code §§ 1770(a)(29)(A) and 1770(a)(9). Defendant moves to dismiss on both counts for failure to state a claim.

For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint. Dismissal is without leave to amend. The Court **DENIES** Defendant's Request for Judicial Notice because the materials they reference are not necessary for the resolution of this motion.

## BACKGROUND

### A. Factual Background

Plaintiff Naomi Heilman is a California resident. Dkt. No. 29 ("FAC.") ¶ 12. On April 21, 2025, she purchased an A&F Giselle Pleated Cutout Maxi Dress from Abercrombie's website. *Id.* ¶ 13. On December 19, 2025, she purchased an A&F Men's Los Angeles Chargers Vintage-Inspired Graphic Tee from the website. *Id.* ¶ 14. Plaintiff alleges that, in connection with both purchases, she was required to pay a bundled $7.00 "Shipping & Handling" fee because she "did

not recall having the option to ship the product to any nearby store" for free in-store pick-up. *Id.* ¶¶ 13–14.

Though Plaintiff does not allege that she has purchased an item from the Hollister website, she asserts that hollisterco.com charges the same Shipping & Handling fee without including it in the pricing on their website. *See id.* ¶¶ 29–35. Defendant Abercrombie & Fitch Co. owns and operates both abercombie.com and hollisterco.com. *Id.* ¶ 18.

The First Amended Complaint describes the online purchasing process on both Abercrombie's and Hollister's websites through screenshots reproduced in the pleading. *Id.* ¶¶ 23–35. According to Plaintiff, consumers browsing products, viewing product pages, adding items to their shopping bags, and reviewing their shopping bags are shown product prices that do not include any Shipping & Handling charge. *Id.* ¶¶ 23–26, 29–33. Plaintiff alleges that the bundled Shipping & Handling fee is first disclosed after the consumer proceeds to the checkout page. *Id.* ¶¶ 27, 34.

Plaintiff alleges that the Shipping & Handling charge cannot be reasonably avoided for many items because the in-store pick-up option "is not available for every item of clothing, in every size and style." *Id.* ¶ 38. At the checkout page, customers who wish to pick up their order are prompted to use a search function to find "Find Pickup Store." *Id.* Depending on the item selected, it may not be available for pickup at any nearby store, or it may be available for pickup at only certain stores. *Id.* ¶¶ 39–40. Plaintiff includes screenshots of the Internet Archive's "Wayback Machine" showing that, for at least one item, the Abercrombie website indicated that there was no nearby store at which the item could be picked up. *Id.* figs. 15–16. The complaint does not allege that the item could not be shipped to and picked up at any (as opposed to a "nearby") store. Plaintiff alleges that in cases where the customer would have to drive long distances to reach a store offering the pick-up option for an item, shipping to home is the "only practicable option" and the Shipping & Handling fee is "not reasonably avoidable." *Id.* ¶ 42.

Plaintiff further alleges that she is not the only person to have encountered an instance in which a particular item was not available for pick-up at a nearby store. *Id.* ¶ 45, Figs. 19–21. Plaintiff alleges that this is also true for some customers shopping on the Hollister website. *Id.* ¶ 44.

**B. Procedural History**

Plaintiff originally filed this action on March 13, 2026. Dkt. No. 1. This Court granted Defendant's motion to dismiss that complaint on July 29, 2026, holding that Plaintiff had not adequately alleged that the Shipping & Handling fee was mandatory under California Civil Code § 1770(a)(29)(A). Dkt. No. 25 at 8. Dismissal was with leave to amend. *Id.* Plaintiff filed an amended complaint on August 5, 2026. Defendant's motion to dismiss is now before the Court.

**DISCUSSION**

**A. Defendant's Request for Judicial Notice**

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018). However, under the incorporation by reference doctrine, courts may consider documents "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The district court may treat such a document as part of the complaint and assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). *Id.* "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Defendant requests judicial notice of screenshots from the Internet Archive's Wayback Machine showing that archived versions of dynamic webpages containing forms will not retain the original site's functionality. Dkt. No. 29-1 ("RJN") at 5–6. Defendant also requests judicial notice of pages from publicly available, live webpages depicting Abercrombie's and Hollister's online checkout process, shopping cart pages, delivery options, and in-store pickup options. *Id.* at 6.

The Court denies Defendant's requests because the materials they reference are not necessary for the resolution of this motion.

**B. Count I – California Civil Code § 1770(a)(29)(A)**

California Civil Code § 1770(a)(29)(A) prohibits "Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges." Cal. Civ. Code § 1770(a)(29)(A) (emphasis added). The statute exempts two kinds of mandatory fees: "Taxes or fees imposed by a government on the transaction" and "Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer." *Id.* § 1770(a)(29)(A)(i)-(ii). Defendant does not contend for purpose of this motion that its shipping and handling fee falls within the exception for carriage charges that will be reasonably and actually incurred. Instead, Defendant argues that its Shipping & Handling fee is not proscribed by § 1770(a)(29)(A) because it is not a mandatory fee, but instead depends on choices made by the consumer during the checkout process. Dkt. No. 29 ("Mot.") at 13.

In its prior order, the Court left open whether the statute's prohibition on "mandatory" fees should be "construed to apply where shipping cannot reasonably be avoided as a practical matter" or whether the availability of any pickup regardless of distance falls outside its application. Dkt. No. 25 at 7. Plaintiff's amended complaint attempts to force this question, adding "an eleven-paragraph section which allege[s] that 'Defendant's Shipping & Handling Charge Cannot Be Reasonably Avoided For Many Items, Including the Ones Plaintiff Purchased.'" Dkt. No. 30 ("Opp") at 13 (citing FAC ¶¶ 38–48).

This Court still need not resolve the dispute over the interpretation of § 1770(a)(29)(A), because Plaintiff's complaint suffers from a fundamental problem. Under her interpretation of the statute, she must allege facts demonstrating the items she purchased were not available at a nearby store and thus she could only acquire the items through shipping, i.e., the shipping charge could not reasonably be avoided as a practical matter. However, she does not positively allege that she, in fact, was unable to acquire the products she purchased as a practical matter without paying the Shipping & Handling fee. She merely alleges that she does "not recall having the option to ship the product to any nearby store free of charge." FAC ¶¶ 13–14. The FAC includes screenshots purporting to show that, for some items (but not the ones Plaintiff purchased), in-store nearby pickup options may be limited. *Id.* fig. 17. It includes a hypothetical scenario in which a

customer who lives in Oakland may be required to drive to Modesto to pick up an item in store. *Id.* ¶¶ 41–42. It includes screenshots and links to Reddit threads with anonymous users who report not being able to find a nearby store for pick-up. *Id.* figs. 19–21. But it does not include a plausible allegation that Naomi Heilman, the plaintiff and putative class representative in this case, was unable as a practical matter to pick up the Giselle Pleated Cutout Maxi Dress and the Men's Los Angeles Chargers Vintage-Inspired Graphic Tee at a store free of charge. Not only does she not allege such an option was not available (she only alleges she cannot recall), she also does not say how far the nearest store for pickup, if any, was located. Thus, even under Plaintiff's interpretation of California Civil Code § 1770(a)(29)(A) – a matter which would be controverted in this case – there are insufficient facts to determine whether her rights under section 1770(a)(29)(A) were violated. In short, she has not alleged sufficient and specific facts necessary to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("[T]he factual allegations in [a] complaint [must] plausibly suggest an entitlement to relief.").

Accordingly, Defendant's motion to dismiss Count I is **GRANTED** with prejudice as to Ms. Heilman. This dismissal does not necessarily preclude an amendment by a different plaintiff who could satisfy pleading requirements and Rule 15.

**C. Count II – California Civil Code § 1770(a)(9)**

California Civil Code § 1770(a)(9) prohibits "Advertising goods or services with intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(9). Courts have called this practice "bait-and-switch pricing." *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 921 (Cal. App. 2016); *see also Kim v. Bluetriton Brands, Inc.*, 2024 WL 243343, at *2 (9th Cir. Jan. 23, 2024) (mem.) ("The bait-and-switch theory is premised on the assumption that the product advertised is 'significantly different' than the one received.").

As in Plaintiff's original complaint, the FAC does not allege any independent bait-and-switch theory apart from the pricing which includes unlawful mandatory charges as alleged in Count I. Counsel confirmed at oral argument that Count II is derived from the same allegations as

Count I. It thus falls with Count I.

Accordingly, Defendant's motion to dismiss Count II is **GRANTED** with prejudice as to Ms. Heilman.

**CONCLUSION**

For the foregoing reasons, Defendant's Request for Judicial Notice is **DENIED**. Defendant's Motion to Dismiss is **GRANTED** without leave to amend with respect to this Plaintiff.

**IT IS SO ORDERED**.

Dated: October 2, 2026

EDWARD M. CHEN
United States District Judge